UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CORNERSTONE CHEMICAL COMPANY** | § § § | **CIVIL ACTION NO. 2:20-CV-1411** |
| **V.** | § § § | **JUDGE** |
| **M/V NOMADIC MILDE, IMO No. 9463554, her engines, tackle, equipment, furniture, appurtenances, etc.,** *in rem*; **M/V ATLANTIC VENUS, IMO No. 9628257, her engines, tackle, equipment, furniture, appurtenances, etc.,** *in rem*; **and, CRESCENT TOWING & SALVAGE, INC.,** *in personam* | § § § § § § § § § | **MAGISTRATE JUDGE** **ADMIRALTY** |

## VERIFIED COMPLAINT

NOW COMES, plaintiff, Cornerstone Chemical Company ("Cornerstone"), through undersigned counsel, and files this Verified Complaint against defendants, the M/V NOMADIC MILDE, IMO No. 9463554, her engines, tackle, equipment, furniture, appurtenances, etc. ("NOMADIC MILDE"), *in rem*, the M/V ATLANTIC VENUS, IMO No. 9628257, her engines, tackle, equipment, furniture, appurtenances, etc. ("ATLANTIC VENUS"), and Crescent Towing & Salvage Inc. ("Crescent"), *in personam*, for damages and maritime arrest, and upon information and belief, avers as follows:

### Jurisdiction and Venue

1.

This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and Federal Rule of Civil Procedure 9(h). On or about May 8, 2020, the NOMADIC MILDE, owned and/or operated by Nomadic

Short Sea Shipping AS, dragged her anchors, when the NOMADIC MILDE allided with the ATLANTIC VENUS causing both vessels to become entangled in a "T" formation, near Cornerstone's dock on the Lower Mississippi River, near Waggaman, Louisiana ("Cornerstone's Dock"). During efforts to extricate the foregoing vessels from each other, the NOMADIC MILDE while being assisted by the Tug ERVIN S. COOPER and the Tug NED FERRY, both owned and operated by Crescent, thereafter allided with Cell No. 2 of Cornerstone's Dock, causing extensive damage to Cornerstone's Dock (hereafter "the Allision") and to Cornerstone as discussed in greater detail herein.

2.

Venue is proper in this District as the NOMADIC MILDE and ATLANTIC VENUS are or will be within the physical jurisdiction of this Court during the pendency of this action, in accordance with Admiralty Rule C, and Cornerstone's Dock is also within the physical jurisdiction of this Court.

**Parties**

3.

At all material times, Cornerstone was and is a corporation, organized and existing pursuant to the laws of Delaware, with a place of business in Waggaman, Louisiana, registered to do and doing business in the State of Louisiana.

4.

At all material times, defendant *in rem*, the NOMADIC MILDE, was and is, upon information and belief, a general cargo vessel, owned and/or operated by Nomadic Short Sea Shipping AS, a joint stock company organized under the laws of Norway, with its principal offices in Bergen, Norway.

5.

At all material times, defendant *in rem*, the ATLANTIC VENUS, was and is, upon information and belief, a bulk carrier, owned by Golden Helm Shipping S.A. (a sociedad anonima, organized under the laws of Panama, with its principal offices in Japan), operated by Osaka Shipping Co. Ltd. and managed by Osaka Fleet Co., Ltd., both Japanese business entities, with their principal offices in Japan.

6.

At all material times, defendant *in personam*, Crescent, was and is, a corporation existing under the laws of the State of Louisiana, who has appointed CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816, as its registered agent for service of process. Crescent was the owner and/or operator of the Tug ERVIN S. COOPER and the Tug NED FERRY, and the employer of their masters and crews, at all material times. Crescent maintains an office and otherwise conducts business within the physical jurisdiction of this Court.

**General Allegations**

7.

On May 8, 2020, the NOMADIC MILDE and ATLANTIC VENUS were at anchor near the Ama Anchorage in the Lower Mississippi River.

8.

On information and belief, the NOMADIC MILDE hired, retained, or otherwise contracted for the services of the Tug ERVIN S. COOPER and the Tug NED FERRY to maintain the NOMADIC MILDE's position in the Mississippi River and to otherwise prevent her from colliding with nearby vessels or alliding with nearby structures, such as Cornerstone's Dock.

9.

The NOMADIC MILDE began dragging her anchors, while her engines were off or otherwise inoperable, and thereafter her port-side, near midships, struck the bow of the ATLANTIC VENUS, causing the NOMADIC MILDE and the ATLANTIC VENUS to both drag their anchors downstream in a "T" shape, while not underpower, near Cornerstone's Dock.

10.

The Tug ERVIN S. COOPER and Tug NED FERRY attempted to disentangle the NOMADIC MILDE and ATLANTIC VENUS from each other.

11.

After the situation appeared to have stabilized with all vessels near the middle of the Mississippi River, the NOMADIC MILDE engaged her engines while dropping her anchor chains, while the anchor chains of the ATLANTIC VENUS remained taut.

12.

Thereafter, the starboard anchor chain of the NOMADIC MILDE failed, the NOMADIC MILDE's propeller, on information and belief, cut an anchor chain of the ATLANTIC VENUS, and the NOMADIC MILDE travelled at such a speed that it could not be stopped in time, alliding with Cell No. 2 of Cornerstone's Dock at approximately 6:58 p.m. on May 8, 2020, rendering Cell No. 2 a total loss and unsuitable to berth vessels, and also damaging the nearby Cell No. 3.

13.

At all material times, Cornerstone's Dock, Cell No. 2 and Cell No. 3 were lighted, operated and constructed in accordance with the applicable permits and laws, and therefore was a marked obstruction to navigation on the applicable navigation charts. Cornerstone and its dock

were free from negligence or fault in the Allision.

14.

**First Cause of Action for Negligence and Statutory Violations**

The Allision and Cornerstone's resulting damages were legally caused by the fault and neglect of the NOMADIC MILDE, the ATLANTIC VENUS, the Tug ERVIN S. COOPER, and the Tug NED FERRY as well as Crescent, jointly and severally, as follows:

(A) The masters and crews of the aforementioned vessels were not reasonably fit to operate them;

(B) Violating Rule 5 of the Inland Rules of Navigation (hereafter identified as "Rule") (failure to maintain a proper look-out);

(C) Violating Rule 6 (failure to maintain a safe speed);

(D) Violating Rule 7 (failure to timely determine if a risk of allision existed);

(E) Violating Rule 8 (failure to take prompt and proper action to avoid the allision);

(F) Violation of the anchorage regulations, 33 C.F.C. § 110.195

(G) The violation of any other applicable statute, rule or regulation that will be proven at the trial of this matter;

(H) Failing to maintain a proper and sufficient anchor watch;

(I) Failing to monitor the anchors and anchor chains and thereby timely increase the catenary and/or scope of the anchor chains as required under the anticipated and prevailing river and weather conditions;

(J) Failing to adequately and timely communicate and to co-ordinate the efforts to extricate the NOMADIC MILDE from the ATLANTIC VENUS;

(K) Failing to operate the foregoing vessels in a proper and safe manner; and

(L) All other acts of negligence or fault that will be proven at the trial of this matter.

Cornerstone reserves the right to amend this paragraph as discovery proceeds.

## Second Cause of Action for Unseaworthiness

15.

The Allision and Cornerstone's resulting damages were legally caused by the unseaworthy conditions of the NOMADIC MILDE, ATLANTIC VENUS, the Tug ERVIN S. COOPER, the Tug NED FERRY, and the breaches of the warranty of seaworthiness by Crescent, jointly and severally, as follows:

(A) Failing to provide a competent master and crew;

(B) Failing to have on board and / or to timely consult the appropriate navigation charts of the area of Cornerstone's Dock, which was marked on the applicable navigation charts as an obstruction to navigation;

(C) Failing to equip the NOMADIC MILDE with adequate anchors and anchor chains to maintain her position under the anticipated and prevailing river and weather conditions; and

(D) All other unseaworthy conditions of the foregoing vessels and breaches of the warranty of seaworthiness by their respective owners and operators that will proven at the trial of this matter.

Cornerstone reserves the right to amend this paragraph as discovery proceeds.

## CAUSATION

16.

The foregoing acts of negligence, statutory and regulatory violations, and the respective breaches of the warranty of seaworthiness by Crescent and the unseaworthy conditions of the

NOMADIC MILDE, the ATLANTIC VENUS, the Tug ERVIN S. COOPER, and the Tug NED FERRY were the legal and proximate causes of the Allision, for which Crescent, the NOMADIC MILDE and ATLANTIC VENUS are jointly and severally liable for Cornerstone's resulting damages.

17.

Cornerstone specifically pleads the legal presumption of fault otherwise known as the Rule of *THE OREGON* and the legal presumption of causation otherwise known as the Rule of *THE PENNSYLVANIA*.

## **DAMAGES**

18.

As a result of the Allision, Cornerstone suffered physical damage to its Cell No. 2, Cell No. 3 and related structures, which required surveying, inspection, replacement of Cell No. 2, repairs to Cell No. 3, and, temporary repairs to Cornerstone's Dock in an attempt to maintain Cornerstone's ability to continue to receive and to deliver designated cargoes (thereby mitigating its potential economic losses), the cost of which is presently estimated to be $52,326,181.00.

19.

As a result of the loss of use of Cell Nos. 2 and 3 pending their surveying, inspection and repair, Cornerstone has also lost profit and incurred expenses and losses associated with projects planned in advance of the Allision and now delayed, anticipated demurrage in varying rates from vessels that were scheduled prior to the Allision to call at Cornerstone's Dock but cannot now because of the total loss of Cell No. 2 and the partial damage to Cell No. 3, expenses to maintain Cornerstone and its lessees' chemical plant / refinery in proper working condition while the

facilities are shut down during repairs ("Estimated Economic Losses"), presently estimated to be $4,834,265.00, and other losses and damages to be shown at the trial of this matter.

20.

In addition to the foregoing damages, Cornerstone is entitled to recover from all defendants pre-judgment interest at the Louisiana judicial rate or federal rate of interest (whichever is greater) on its damages from May 8, 2020, through the date of entry of the judgment, and post-judgment interest until paid, all costs of these proceedings, any fees or expenses of the United States Marshal Service or its representative, and for the attorney's fees incurred in bringing this action.

21.

Cornerstone itemizes its damages for which all defendants are jointly and severally liable, as follows:

| | |
|---|---:|
| Estimated Costs to Replace and Repair Damage | $52,326,181.00 |
| Estimated Economic Losses | $ 4,834,265.00 |
| Prejudgment Interest for three years at 5.75% | $ 9,774,436.00 |
| Court Costs, Marshall's Fees and Expenses | $20,000.00 |
| **TOTAL** | **$66,954,882.00** |

**Request for Arrest of the NOMADIC MILDE**
**Pursuant to Supplemental Admiralty Rule C**

22.

The NOMADIC MILDE is or will be within this District during the pendency of this admiralty and maritime claim.

23.

Pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Cornerstone is entitled to arrest the NOMADIC MILDE to satisfy Cornerstone's claims, including all damages, pre-judgment interest, costs, expenses, and attorneys' fees as alleged with more specificity *supra*.

**Request for Arrest of the ATLANTIC VENUS**
**Pursuant to Supplemental Admiralty Rule C**

24.

The ATLANTIC VENUS is or will be within this District during the pendency of this admiralty and maritime claim.

25.

Pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Cornerstone is entitled to arrest the ATLANTIC VENUS to satisfy Cornerstone's claims, including all damages, pre-judgment interest, costs, expenses, and attorneys' fees as alleged with more specificity *supra*.

26.

Cornerstone agrees to release and hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest and attachment of the aforesaid NOMADIC MILDE and ATLANTIC VENUS.

All and singular the foregoing premises are true and correct within the admiralty jurisdiction of this Honorable Court.

**WHEREFORE**, plaintiff, Cornerstone Chemical Company, prays:

1. That this Verified Complaint be deemed good and sufficient;

2. That process in due form of law, according to the rules and practices of this Honorable Court, issue against the M/V NOMADIC MILDE, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, by way of arrest pursuant to Supplemental Admiralty Rule C, and that all persons claiming interest in said vessel be required to appear and to answer under oath, all and singular the matters aforesaid;

3. That process in due form of law, according to the rules and practices of this Honorable Court, issue against the M/V ATLANTIC VENUS, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, by way of arrest pursuant to Supplemental Admiralty Rule C, and that all persons claiming interest in said vessel be required to appear and to answer under oath, all and singular the matters aforesaid;

4. That process in due form of law, according to the rules and practices of this Court, issue against Crescent Towing & Salvage Inc. requiring it to appear and to answer under oath, all and singular the matters aforesaid;

5. That after due proceedings are had, there be judgment entered in favor of plaintiff, Cornerstone Chemical Company, and against defendant, the NOMADIC MILDE, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, the ATLANTIC VENUS, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem* as well as Crescent Towing & Salvage Inc., *in personam*, casting all defendants jointly and severally liable for damages to plaintiff in the amount of **US$ 66,954,882.00**, with prejudgment interest, attorney's fees, and all costs of these proceedings; and,

  6.  That this Court grant Cornerstone Chemical Company such other and further relief as may be just and proper.

         Respectfully submitted:

         */s/*  *James D. Bercaw*
         **ROBERT J. STEFANI, # 19248**
         **JAMES D. BERCAW, # 20492**
         **LAURENT J. DEMOSTHENIDY, # 30473**
         **W. SPENCER KING, #35863**
         **KING & JURGENS, L.L.C.**
         201 St. Charles Avenue, 45th Floor
         New Orleans, Louisiana  70170
         Telephone:  (504) 582-3800
         Facsimile:  (504) 582-1233
         E-Mail:  jbercaw@kingjurgens.com
             rstefani@kingjurgens.com
             LJD@kingjurgens.com
             sking@kingjurgens.com

        *Attorneys for Cornerstone Chemical Company*

**PLEASE SERVE:**

**The Master of the M/V NOMADIC MILDE, IMO 9463554**
**and Issue a Warrant for the Arrest of the M/V NOMADIC MILDE**

**The Master of the M/V ATLANTIC VENUS, IMO 9628257**
**and Issue a Warrant for the Arrest of the M/V ATLANTIC VENUS**

**PLEASE ISSUE SUMMONSES AS FOLLOWS:**

**Crescent Towing & Salvage Inc.**
**through its registered agent for service of process**:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana, 70816