UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORNERSTONE CHEMICAL COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1411** |
| **NOMADIC MILDE M/V ET AL** | **SECTION "L" (1)** |
| | Applies to: 20-1453; 20-1506 |

## ORDER & REASONS

Pending before the Court is Compass Shipping 40 Corp. Ltd. and Tomini Symphony Ltd.'s Motion for Leave to File Late Claims and Answers in the NOMADIC MILDE and ATLANTIC VENUS Limitation Proceedings. R. Doc. 58. No oppositions have been filed. Having considered the applicable law and relevant arguments, the Court now rules as follows.

### I. BACKGROUND

This case arises from an allision that occurred on May 8, 2020, in the Mississippi River. Plaintiff Cornerstone Chemical Company ("Cornerstone") alleges that on that date, the *M/V NOMADIC MILDE* allided with the *M/V ATLANTIC VENUE* near Plaintiff's dock, located near Waggaman Louisiana. R. Doc. 1 ¶ 1. Cornerstone further alleges that the subsequent effort to detangle the vessels with the aid of two tugs, the *ERVIN S. COOPER* and the *NED FERRY*, both owned and operated by Defendant Crescent Towing & Salvage ("Crescent"), caused the *M/V NOMADIC MILDE* to allide with Cell No. 2 of Cornerstone's dock, destroying the Cell and causing substantial damage to Cell No 3. Based on the allision and ensuing damage, Plaintiff filed suit against the *M/V NOMADIC MILDE*, the *M/V ATLANTIC VENUS*, and Crescent, for violations of various Inland Rules of Navigation and unseaworthiness. Cornerstone subsequently amended

its complaint, adding the *M/V TOMINI SYMPHONY* as a Defendant, arguing that the *M/V TOMINI SYMPHONY* caused an "unusual and dangerous wake that exacerbated and/or contributed to the *M/V NOMADIC MILDE*'s uncontrolled condition" shortly before the allision occurred. R. Doc. 44 at 2.

On May 14, 2020, Golden Helm Shipping Co. S.A. and Osaka Fleet Co., Ltd. (the "Atlantic Venus interests"), respectively as owner and manager of the *M/V ATLANTIC VENUS*, filed a Petition for Exoneration from or Limitation of Liability. This case (the "ATLANTIC VENUS Limitation Action") was docketed as Civil Action No. 20-1453 and allotted to Section "E" of the court.

On May 21, 2020, Intership Navigation Co., Ltd., New Nomadic Short Sea Shipping AS, and Nomadic Chartering AS (the "Nomadic Milde interests"), as the owners and managers of the *M/V NOMADIC MILDE*, filed a Petition for Exoneration from or Limitation of Liability. This case (the "NOMADIC MILDE Limitation Action") was docketed as Civil Action No. 20-2506 and allotted to Section "J" of the court.

On July 6, 2020, Compass Shipping 40 Corp. Ltd. and Tomini Symphony Ltd. (the "Tomini Symphony interests"), as owners *pro hac vice* of the M/V TOMINI SYMPHONY, filed a Petition for Exoneration from of Limitation of Liability. The case (the "TOMINI SYMPHONY Limitation Action") was docketed as Civil Action No. 20-1902 and allotted to Section "M" of the court.

The limitation of liability cases were all transferred to this Court, and the Court approved Petitioners' Letters of Undertaking and directed the issuance of notice to all persons or entities with claims from which the Petitioners seek exoneration from of limitation of liability. Pursuant to Supplemental Admiralty Rule F, the Court established June 14, 2020 as the deadline by which to file all claims against the Atlantic Venus interests, June 25, 2020 with respect to the Nomadic

Milde interests, and September 4, 2020 with respect to the Tomini Symphony interests. Subsequently, the limitation actions were all consolidated under the master case, Civil Action No. 20-1411. R. Docs. 29; 56.

## II. PENDING MOTION

On July 7, 2020, the Atlantic Venus interests filed a motion for default judgment with respect to all persons who had not filed claims by June 14, 2020. R. Doc. 57. On July 8, 2020, the Tomini Symphony interests filed a motion for leave to file late claims and answers with respect to both the ATLANTIC VENUS Limitation Action and the NOMADIC MILDE Limitation Action. R. Doc. 58-1. The Tomini Symphony interests argue they should be permitted to file claims out of time because they only received notice of any potential claims either against them or in the limitation proceedings when the *M/V TOMINI SYMPHONY* was arrested on July 1, 2020, at which time the deadlines to file claims in the limitation actions had already expired. R. Doc. 58-1 at 2. The Tomini Symphony interests argue that such relief is warranted because (1) the limitation proceedings remain pending; (2) the late filing would not prejudice any party; and (3) the reason for the untimely filing is adequate, as the Tomini Symphony interests were not on notice about the existence of any claims until the applicable filing deadlines had already passed. No party has filed an opposition to the motion.

## III. LAW & ANALYSIS

Admiralty Rule F(4), governing limitation actions, permits a court to extend the period for filing untimely claims upon a showing of cause. In *Golnoy Barge Co. v. M/T SHINOUSSA*, the Fifth Circuit provided district courts with the following three-step process to use in determining the presence of such cause was present: "(1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the parties, and (3) the claimant's

reasons for filing late." 980 F.2d 349, 351 (5th Cir. 1993). The matter is within this Court's discretion and is to be based on an "equitable showing." *See Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 363 (5th Cir. 1963).

      Considering the matter at hand, the Court concludes the Tomini Symphony interests have made such an equitable showing. As an initial matter, this case remains in its nascent stages. No scheduling order has been issued and no trial dates have yet been set. Claims in the TOMINI SYMPHONY Limitation Action can be filed up until September 4, 2020. No. 20-1902, R. Doc. 5 at 3. Although the Atlantic Venus interests have filed for an entry of default judgment, no order has yet been issued. Accordingly, this matter remains pending and undetermined. Further, because the matter is still in its preliminary stages, granting the motion would not prejudice any party. Neither the Atlantic Venus interests nor the Nomadic Milde interests have opposed the motion or otherwise indicated any concerns with allowing these claims to be untimely filed. Lastly, the Tomini Symphony interests have adequately explained the reason for the delay, noting that they only learned of the claims against them and the existence of their own claims for contribution and indemnity when the *M/V TOMINI SYMPHONY* was arrested on July 1, 2020, following Cornerstone's filing of the Amended Complaint. The Tomini Symphony interests clearly acted expeditiously upon receiving notice of these claims, as they filed their instant motion only a week after the vessel's arrest. Accordingly, the Court concludes that the "balanc[e] of the equities" tips in favor of allowing late filing in this case. *See In re* Lin-Bar Marine, Inc., No. CIV. A. 01-1355, 2001 WL 1033606, at *2 (E.D. La. Sept. 6, 2001); *In re* R & B Falcon Drilling USA, Inc., No. CIV. A. 02-0241, 2003 WL 296535, at *1 (E.D. La. Feb. 10, 2003) (finding that "the equities weigh in favor of allowing the claim" even though the "proffered reason for late filing . . . is far from compelling").

IV. **CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the Tomini Symphony interests' claims and answers be and hereby are entered into the record of the above-captioned matter.

New Orleans, Louisiana this 5th day of August, 2020.

_____
Eldon E. Fallon
United States District Judge